UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-148 |
| v. | * | SECTION: "H" |
| KEVIN LILLIS | * | |
| | * | |
| * | * | * |

## FACTUAL BASIS

The defendant, **KEVIN LILLIS** (hereinafter, the "defendant" or "**LILLIS**"), has agreed to plead guilty to Count One of the Indictment now pending against him, charging him with distribution of child sexual abuse material, in violation of Title 18, United States Code, Section 2252(a)(2). Should this matter proceed to trial, both the Government and the defendant, **KEVIN LILLIS**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant:

## Background

The Government would show that, at all times mentioned in the Indictment, the defendant, **KEVIN LILLIS**, was a resident of the Eastern District of Louisiana who lived in Metairie, Louisiana. The Government would further establish through self-authenticating evidence that **LILLIS** was an adult male who was born on July 16, 1973.

Page **1** of **6**

AUSA  JG
Defendant
Defense Counsel

**Investigation and Proof of Distribution and Receipt of Child Sexual Abuse Material and Obscene Visual Representations of the Sexual Victimization of Children**

The Government would further present competent testimony and evidence that the New Orleans Field Office of the Federal Bureau of Investigation received a case referral as the result of evidence gathered during an investigation concerning a resident of Honolulu, Hawaii suspected of disseminating images and videos depicting the sexual exploitation of children. Specifically, the results of a lawfully issued search warrant of a social media account belonging to the Honolulu, Hawaii subject revealed numerous correspondence on an end-to-end encryption platform between about March 2023 and May 2023 with an individual utilizing username "exploringneeds," who was subsequently determnined to be **LILLIS**. The correspondence included, among other things, the transmission by both parties of images and videos depicting the sexual victimization of children.

The Government would further establish that on or about March 12, 2024, special agents with the FBI, among other law enforcement agencies, executed a search warrant issued by United States Magistrate Judge Janis vanMeerveld at **LILLIS'S** residence, an apartment located in Metairie, Louisiana. During the execution of the warrant, agents seized and searched certain electronic devices belonging to **LILLIS**. One of those devices, a Samsung Galaxy cellular phone with serial number RF8MC0L6WRB and IMEI: 356027103546126 (hereinafter, "**LILLIS'S** cell phone"), contained contain files (*i.e.*, images and videos) depicting the sexual victimization of children and obscene visual representations of the sexual abuse of children, as that latter term is defined in Title 18, United States Code, Section 1466A.

The Government would further establish through testimony and forensic computer evidence that **LILLIS** knowingly used **LILLIS'S** cell phone to search for, download, save, and

Page 2 of 6

AUSA ⌣ $G$
Defendant
Defense Counsel

transmit to others images depicting the sexual victimization of children and obscene visual representations of the sexual abuse of children. Further, the evidence and testimony would establish that a computer forensic search of **LILLIS'S** cell phone revealed more than 600 images and 6 videos, 1 of which was approximately 12 minutes in length, depicting the sexual victimization of children. The computer forensic search of **LILLIS'S** cell phone also revealed dozens of images and videos depicting obscene visual representations of the sexual abuse of children.

Special Agent Cohen and forensic examiners with the FBI would testify that they were able to determine, after reviewing **LILLIS'S** cell phone, that **LILLIS** used an end-to-end encrypted messaging application based in a foreign country to receive and distribtute many of the files depicting the sexual victimization of children and obscene visual representations of the sexual abuse of children on multiple dates, including the following representative examples, between January 2024 and on or about March 11, 2024:

- On or about February 12, 2024, **LILLIS** distributed to another individual via the messaging application a visual depiction of a prepubescent female bound unclothed, with her legs and arms spread and a plastic bag over her head, screwdrivers nearby, with the focal point of the depiction on her genitals.

- On or about March 11, 2024, **LILLIS** received from an individual via the messaging application a visual depiction of a newborn female with severe discolorations on her arms and legs and apparent bruising around her hips, with an adult male penis partially inserted into the female's genitals.

- **LILLIS** received from another individual via the messaging application an image of two (2) newborn females unclothed, with hospital tags on their ankles and their

Page **3** of **6**

AUSA _J G_
Defendant
Defense Counsel

legs lifted into the air with a substance that appears to be ejaculate in and around their genitals;

- **LILLIS** received from another individual via the messaging application an artificial intelligence-generated image of an unclothed prepubescent female with her arms tied behind her back, her mouth taped shut, and her legs bound by duct tape. The female appears to be emotionally distressed and is being vaginally penetrated by the penis of an adult male with a long, white beard; and

- **LILLIS** received from another individual via the messaging application an image of a newborn male with an adult holding the newborn's penis and penetrating the newborn's anus with a finger.

Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that some of the child victims depicted in the images and videos **LILLIS** searched for, obtained, distributed, and possessed were of real, identifiable victims, less than the age of eighteen (18) years old. All of the images depicting the sexual victimization of minors and obscene visual representations of the sexual abuse of children possessed by the defendant would be introduced through the testimony of Special Agents with the FBI.

Forensic evidence and testimony would further establish some of the child victims depicted in the materials possessed by **LILLIS** were of prepubescent children less than eighteen (18) years of age; to wit: newborn infants approximately less than one (1) day old at the time the child sexual abuse material was created. The testimony would further establish that the videos and images of the child victims depicted them engaging in "sexually explicit conduct," as defined in Title 18, United States Code, Section 2256. Among the files **LILLIS** searched for, downloaded, stored,

AUSA _JG_
Defendant _____
Defense Counsel _____

and distributed were some that portrayed "sadistic or masochistic conduct or other depictions of violence."

Further, the Government would present evidence that would establish that the images and videos of child sexual abuse material and obscene visual representations of the sexual abuse of children **LILLIS** searched for, downloaded, distributed, and possessed, had been transported in interstate commerce via computer. The Government would also establish, through testimony and documentary evidence, that the equipment used by the defendant to acquire the child sexual abuse material and obscene visual representations of the sexual abuse of children was transported in interstate or foreign commerce.

Special Agent Cohen and forensic examiners with the FBI would further testify that they were able to determine, after reviewing **LILLIS'S** cell phone, that **LILLIS** knowingly received and distributed sexually explicit depictions of minors and manifested a sexual interest in children. For example, **LILLIS** engaged in numerous conversations with other users of end-to-end encrypted messaging applications, including on or about November 19, 2023, December 20, 2023, February 5, 2024, March 5, 2024, in which he stated he had engaged in hands-on sexual contact with multiple prepubescent minors over the past two decades. **LILLIS** explained he offered to babysit or change the diapers of the children of his friends as a premise to perform sexual acts on the minor children. During several of these conversations, **LILLIS** sent sexually suggestive pictures he took of minors with whom he interacted, including a prepubescent female born in April 2012 who was approximately eight years old at the time the picture was taken whose picture **LILLIS** distributed on or about March 5, 2024. During another conversation, **LILLIS** stated that the youngest female with whom he had engaged in intercourage was "between 8 and 10 but you could tell she was experienced."

Page **5** of **6**

AUSA ___
Defendant ___
Defense Counsel ___

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, the Special Agents and forensic examiners from the FBI, other witnesses, documents and electronic devices in the possession of the FBI, and voluntary statements made by the defendant, **KEVIN LILLIS**.

**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by **DEFENDANT** and the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **DEFENDANT**.

**APPROVED AND ACCEPTED:**

_____          2-12-25
KEVIN LILLIS                                             Date
Defendant

_____          2-12-25
HESTER R. HILLIARD                                 Date
Attorney for Defendant

_____          2-12-25
JORDAN GINSBERG                                  Date
Assistant United States Attorney