# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | * | DOCKET NO. 24-148 |
| | * | |
| | * | SECTION: "H" |
| VS | * | |
| | * | HON. JANE TRICHE MILAZZO |
| | * | |
| KEVIN LILLIS | * | |

_____

### MEMORANDUM OF KEVIN LILLIS IN AID OF SENTENCING

**NOW INTO COURT,** through undersigned counsel, comes defendant, KEVIN LILLIS, who respectfully represents that he has reviewed the Pre-Sentence Report (PSR) and in accordance with 18 U.S.C. § 3553(a) presents this memorandum and position of the Defendant with respect to Sentencing Factors to aid the Court in determining the appropriate sentence.

### I.      Introduction

On February 12, 2025, defendant, Kevin Lillis (hereinafter referred to as "Mr. Lillis") entered a plea of guilty to Count 1 of the Indictment charging him with Distribution of Child Sexual Abuse Material in violation of 18 U.S.C. §2252(a)(2)(b)(1). This Court is well aware of the actions which led to Mr. Lillis' conviction and the exposure which he now faces as a result of same. Mr. Lillis has accepted full responsibility for his actions through a prompt plea which spared the U.S. Attorney's Office the need to prepare for and conduct a trial in this matter. On or about June 18, 2025, Mr. Lillis will appear before this Honorable Court to be sentenced. Mr. Lillis does not in any way dispute that his crime and actions warrant some form of punishment. The central issue before the Court, then, is what exactly is the appropriate sentence for Mr. Lillis. Furthermore, this Court must determine what sentencing elements would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in this case. _See 18 U.S.C. § 3553(a)._

Hence, Mr. Lillis respectfully submits that a sentence of sixty months incarceration followed by fifteen years of supervised release and mandatory counseling for life would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Lillis pleads with the Court to consider the following:

(1) he does not have any criminal history and stands before the Court in Criminal History Category 1;

(2) he has otherwise conducted his life respectably, having been part of a family consisting of his mother and sister which will serve as his support upon his release from incarceration and having maintained a form of employment prior to his arrest in this matter;

(3) he himself was a victim as a child;

(4) he has already began working on his own rehabilitation while incarcerated prior to his conviction in this matter; and

(5) the proposed sentence would allow Mr. Lillis to obtain employment in order to satisfy any restitution and other financial obligations expeditiously.

**II.      Advisory Sentencing Range and Other § 3553 Factors**

While Mr. Lillis does not dispute the advisory Guideline range in the Pre-sentencing Investigation Report, he respectfully requests that the Court consider all of the factors identified in 18 U.S.C. §3553(a) and impose a sufficient sentence that complies with the four purposes of sentencing set forth in the statute. The four purposes are the need for the sentence imposed to:

(1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

(2) afford adequate deterrence to criminal conduct;

(3) protect the public from further crimes by the defendant; and

(4) provide the defendant with the needed training, medical care, or other correctional treatment in the most effective manner.

*See 18 U.S.C. § 3553(a)(2).*

Furthermore, 18 U.S.C. §3553 requires the sentencing court to consider the following factors in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission in imposing sentence: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). *See 18 U.S.C. §3553 (a)(1)-(7).*

A. The Nature and Circumstances of Mr. Lillis' Offense.

The nature and circumstances of Mr. Lillis' actions in this matter are obviously serious in nature and troublesome. Mr. Lillis has confirmed in writing and in open court that the factual basis regarding the investigation, proof of distribution, and receipt of the material in this case is accurate.

B. The History and Characteristics of Mr. Lillis.

The history and characteristics of Mr. Lillis support the sentence that the defense pleads with this Court to adopt. As a child, Mr. Lillis was victimized. His own trauma went unnoticed and untreated. However, he was capable of maintaining a loving and supportive relationship with his mother and sister. He is well educated and as noted, has no prior criminal history or contact with the criminal justice system. Mr. Lillis understands that the burden is on him to prove to the Court, his mother and sister, and the world that he is worthy of a second chance. He can only hope and plead that this

Court will allow him the opportunity to prove that he has accepted responsibility for his actions, learned from this experience, and is willing to accept all treatment and therapy to aid in his rehabilitation. Mr. Lillis requests that this Court consider his sincere remorse for his crime, his determination to ensure that he achieves complete rehabilitation, his commitment to make full restitution to his victim(s), and his efforts while incarcerated to remain productive and abide by rules and regulations. While incarcerated, Mr. Lillis has completed over 400 hours of rehabilitative and educational courses to better himself and to prepare for life upon his return to society. *Exhibit A.* Additionally, Mr. Lillis, during his time of incarceration, has kept a clean disciplinary record and has utilized his time to focus on positive means of rehabilitating himself.

C.   Protect the Public From Further Crimes by the Defendant

Mr. Lillis asserts that his proposed sentence is adequate to ensure that the public will be protected. First, Mr. Lillis has accepted full responsibility for his actions, he continues to accept responsibility for his actions and will forever accept responsibility for his actions for the rest of his existence. As such, this conscious and ever-present acknowledgement will assist and ensure that Mr. Lillis himself is vested in ensuring that the public is protected. Second, Mr. Lillis, as stated above, has already, on his own accord, began his rehabilitation by positively diving into the educationally resources available to him since his incarceration. *See Exhibit A.* Third, an extended or lifetime supervised release and mandatory counseling will ensure that there are constant eyes on Mr. Lillis as an added layer of protection for the public. Finally, upon his release, Mr. Lillis will be residing with his mother who is elderly but supportive. There are no children that live in the residence. Mr. Lillis' mother and sister, who are his support system, are also committed to ensuring that Mr. Lillis is law-abiding and a productive

member of society.

### III.    Conclusion

In conclusion, Mr. Lillis stands before the Court with the deepest remorse for his actions. He made a serious, serious mistake that has and will have permanent consequences for him. In imposing sentencing, Mr. Lillis pleads with the Court to consider his trauma as a child, the nonexistence of past criminal history, and the steps he has taken to return to life as a productive and law-abiding person. As such, we respectfully submit that a sentence of sixty months incarceration followed by fifteen years of supervised release and mandatory counseling for life is consistent with the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing as provided by the statute.

Respectfully Submitted,

/s/ Hester R. Hilliard
**HESTER R. HILLIARD LSBA # 31392**
**Attorney for Kevin Lillis**
429 W. Airline Hwy., Suite I
LaPlace, Louisiana 70068
(504) 336-4608Telephone
HilliardLawFirm@outlook.com